[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert A. Nappi, commenced this action against the defendant, Patrick Bona, by a complaint dated and signed on March 23, 1993. The defendant filed an answer to the complaint on April 15, 1994 and May 5, 1994. The defendant, Patrick Bona, is the police chief of the Town of Middlebury. The plaintiff testified that on March 18, 1993, he was home when he received a telephone call at about 10:30 a.m., from his father, stating that he (father) was at the Shell gas station on Route 64 in Middlebury, Connecticut, and that he needed a ride. The plaintiff stated he drove to the said Shell station and his CT Page 12629 father was not there. He then went home and later he received another call from his father, stating he was at the Texaco station on West Main Street, in Waterbury, Connecticut. The plaintiff testified he went to the said Texaco station and could not find his father. He further testified that while he was at the Texaco station, a Middlebury police officer approached the plaintiff and identified himself to the plaintiff. The plaintiff stated he gave the police officer his license, registration and insurance card. At that time, a second Middlebury police officer, namely the defendant, Patrick Bona, arrived and instructed the first officer to take the plaintiff away. The plaintiff testified he was then put in a police car and cuffed and taken to the Middlebury Police Department. The plaintiff stated he was put in a cell at the Middlebury Police Department for four hours. He stated that at the end of that time, Officer Giusti told him he could leave, which he did. He testified he was never told why he was held in custody for four hours. He stated he walked back to the Texaco station for his car, and when his car was not there, he figured it was towed, so he walked home. Mr. Nappi stated when he got home, he called the Middlebury Police Department about the whereabouts of his car. He then stated he spoke with the Police department two days later and was informed that the police had his vehicle and they were holding it as evidence. He stated he then went to his attorney and received his car back on April 5, 1993, after he paid $56.25 to the Middlebury Garage for towing the vehicle (Exhibit E). The plaintiff claims he received his car back at the Middlebury Garage. The other witnesses who testified deny this and testified he received his car back at the Middlebury Police Department.
The plaintiff testified that he purchased a 1980 Cadillac in January 1993, in mint condition, for $2,500.00. He stated when he received his car back, it had the following damage which was not present when the police took possession of the vehicle on March 18, 1993:
1. Windshield was cracked;
2. Emblem on the trunk was missing;
3. Trunk was nicked and scratched;
 4. Right front part of hood was scuffed up, like someone used sandpaper on it; CT Page 12630
5. Radio antenna did not work.
The plaintiff got two estimates for the damage to this car from DiPrimio Bros. Auto Body for $802.87 (Exhibit F), and Cole Auto Sales, Inc. for $996.40 (Exhibit 5). The latter was only an estimate for a complete paint job for said vehicle.
The plaintiff also claimed that as a result of not having a car between March 18 and April 5, 1993, he lost his job as he had no way of getting to work. He testified he was working as a painter, earning $340.00 net per week. Also, as a result of not being able to work, he could not pay his rent, and eviction proceedings were started against him in court. The Housing Clerk testified that there was no eviction proceedings brought in this court during 1993 against the plaintiff. This court would have been the proper court for such eviction proceedings if they were instituted, since Mr. Nappi then lived in the Town of Watertown. Mr. Nappi stated he did not rent a car during this time because he could not afford to do so. As to the eviction, he stated he did not come to court about it, he just vacated the premises.
At one point in his testimony, the plaintiff testified he was out of work between January and June 1993, collecting Workers Compensation benefits. Then later he stated he was injured in 1991 at work, but that he returned to work in 1992, and that nothing happened relative to his Workers Compensation case in 1993.
Officer Richard Giusti, of the Middlebury Police Department, testified that on March 18, 1993, while on duty, he responded to a "Theft of Services" complaint at the Shell station in Middlebury, Connecticut, which had nothing to do with the plaintiff. Later on that day, he was at the Texaco station on West Main Street, in Waterbury, when the plaintiff drove into said station in a Cadillac automobile. He testified the Middlebury Police seized the plaintiff's Cadillac automobile at that time because it was used in an (alleged) crime on March 15, 1993. He stated it was explained to the plaintiff why his Cadillac automobile was seized. He stated the plaintiff was not arrested and incarcerated on March 18, 1993 by the Middlebury Police Department. Officer Giusti said he and the defendant ordered the plaintiff's car seized. He testified that the Middlebury Garage towed the plaintiff's vehicle to the CT Page 12631 Middlebury Police Department, where it was accepted by Officer Phillip Fitzgerald (Exhibit E). Officer Giusti stated he inventoried the plaintiff's vehicle on the day it was seized and then took pictures of said vehicle on that date (Exhibits 2 and 3). Exhibit 2 shows that there was no emblem on the right side of the trunk when the photo was taken. Likewise, Exhibit 3 does not show any crack in the windshield which is visible. Officer Giusti testified that the vehicle was released to the plaintiff on April 5, 1993, because the plaintiff had a child to pick up at school, and he needed the car for that purpose. Further, he also agreed to turn himself in to the police when they requested and he agreed he would cooperate with the Middlebury Police. Officer Giusti stated he checked with the State's Attorney's office, and was told that the vehicle could be released to the plaintiff if they took a picture of the vehicle. He testified that the plaintiff did not turn himself in when requested. He stated the Middlebury Police arrested the plaintiff for an offense which took place on March 15, 1993, when he was picked up by the Connecticut State Police for another violation on July 4, 1993. He also stated that the plaintiff's Connecticut motor vehicle operator's license was suspended from May 4, 1991 to July 31, 1993. Officer Giusti stated the plaintiff's vehicle was inventoried without a search warrant.
Officer Anthony Quicquaro testified that on April 5, 1993, he released the subject vehicle to the plaintiff. He stated that the vehicle was driven away by a friend of the plaintiff's because the Southington Police had an outstanding warrant for the plaintiff which they served on him that day at the Middlebury Police Station. He stated that he saw the plaintiff and his friend going around the subject vehicle and then they came into the Police Department, and the plaintiff signed Exhibit 4, which is a property receipt for said vehicle. The plaintiff denied he was arrested by the Southington Police Department on April 5, 1993, at the Middlebury Police station. However, Detective Boislard of the Southington Police Department testified that he, in fact, did pick up the plaintiff in the late afternoon of April 5, 1993, at the Middlebury Police Department.
The defendant, Patrick Bona, testified and stated the plaintiff's car was seized by the police as evidence in a credit card crime. He stated the car was released to the plaintiff on April 5, 1993, because he promised to make full restitution for the alleged offense and he agreed to turn himself in to the CT Page 12632 police when they so requested. He also testified that the plaintiff's vehicle was at the Middlebury Police Department for the entire time between March 18, 1993 to April 5, 1993.
After hearing the evidence, the court finds that this case rests on the credibility of the witnesses each party presented. The plaintiff did not sustain his burden of proof relative to his claims for property damage to his car, loss of income or damages for his eviction.
The Middlebury Police Department should have obtained a search warrant before it inventoried and searched the plaintiff's vehicle on March 18, 1993, for a crime which allegedly took place on three days prior, on March 15, 1993. This court can find no exigent circumstance which would have allowed the Middlebury Police Department or the defendant to search and seize the plaintiff's vehicle, as they did on March 18, 1993. Therefore, the court awards the plaintiff One ($1.00) Dollar in damages. In addition, the court awards the plaintiff the sum of Fifty-Six Dollars and Twenty-Five Cents ($56.25), which the defendant shall pay as a result of the towing of the plaintiff's vehicle. The court does not award the plaintiff any attorney's fees. Thus, the court orders the defendant to pay to the plaintiff the sum of Fifty-Seven Dollars and Twenty-Five Cents ($57.25) in damages plus court costs.
Judgment may enter accordingly.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN